ALD-079                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2637
_____

HASAN SHAREEF,
Appellant

v.

BRIAN PALKO, Officer; WILLIAM T. FULLERTON, Judge;
TIMOTHY F. MCCUNE, Judge; THOMAS DOERR, Judge;
TERRY L. SCHULTZ, District Attorney;
MARK LOPE, District Attorney; CHUCK M. NEDZ, Lawyer;
CINGOLANI, Lawyer; and ANDREW O. STIFFLER, Lawyer

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2:19-cv-01330)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2021
Before: MCKEE, GREENAWAY, JR. and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 16, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Hasan Shareef is serving a prison sentence as a result of convictions for violating Pennsylvania's drug and gun laws. Proceeding pro se and in forma pauperis, Shareef filed in the District Court a civil rights action against the officer who arrested him, two assistant district attorneys that prosecuted him, three judges that handled aspects of his criminal case, and three defense attorneys that represented him at various junctures. Shareef raised claims of false arrest, false imprisonment, and malicious prosecution.[1]

The Magistrate Judge screened Shareef's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and then issued a report recommending that the complaint be dismissed sua sponte. The Magistrate Judge concluded that the judges and prosecutors are absolutely immune from civil liability and—in the case of the judges—suit altogether. The Magistrate Judge next concluded that Shareef lacked a cognizable claim against the defense attorneys because none appeared to have acted "under color of state law," a required feature of conduct potentially redressable under 42 U.S.C. § 1983. The Magistrate Judge also concluded—based on Shareef's allegations, as confirmed by judicially noticeable court records—that because Shareef was arrested in 2016 but did not file suit until 2019, his claim against the arresting officer fell outside the applicable two-year statute of limitations and was thus untimely. Finally, the Magistrate Judge concluded that none of the foregoing defects could be remedied through an amended pleading.

---

[1] Shareef's complaint overlapped to some degree with an earlier, separately filed pleading that is the subject of his appeal at C.A. No. 20-1863.

2

Over Shareef's objections, the District Court adopted the Magistrate Judge's report and recommendation and dismissed the complaint. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is effectively de novo across the board. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020) (providing that a district court's sua sponte dismissal for failure to state a claim, under § 1915A(b)(1) or § 1915(e)(2)(B)(ii), is reviewed de novo); U.S. ex. rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (reviewing district court's denial of leave to amend for abuse of discretion, but reviewing de novo its determination that amendment would be futile); Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000) (explaining that whether absolute immunity applies is a question of law that is reviewed de novo).

Shareef's arguments on appeal are disjointed at best. From what we can discern, however, he is generally asking for a trial on several claims, many of which were not raised below. See, e.g., Doc. 11 at 1 ("I lost my [criminal] trial because [a corrections officer] took all my lay work [and] denied me access to courts"). While several of the newly asserted claims might be appropriate for a post-conviction proceeding, see, e.g., Doc. 11 at 3 (seemingly arguing that Shareef was denied the right to self-representation); Doc. 11 at 6 (seemingly arguing that Shareef is in possession of new exculpatory evidence), they are not appropriate for a civil rights action such as this one. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Furthermore, to the extent that success on any of Shareef's civil-law damages claims would necessarily undermine his criminal

convictions or sentence, they may not proceed unless and until he has invalidated the convictions or sentence. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Ultimately, we conclude that there was no error by the District Court. Based on the nature of the claims Shareef raised below, the judges and prosecutors he sued are immune from civil liability. See Burns v. Reed, 500 U.S. 478, 486 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In addition, Shareef does not have a viable civil rights claim against his former defense attorneys. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir. 1982), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992). It was permissible, moreover, for the District Court to dismiss sua sponte Shareef's facially untimely claim against the arresting officer. See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).[2] Finally, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without providing Shareef an opportunity to amend, because amendment would have indeed been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, for the reasons given above, the judgment of the District Court is affirmed. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

[2] It was also permissible for the District Court to take judicial notice, at the screening stage, of certain facts germane to its timeliness analysis. See Fed. R. Evid. 201(c)-(d) (allowing a judge to take judicial notice of a fact an "at any stage of the proceeding").